UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER T. KELLY, | ) Case No. CV 09-7607 JC |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**I.  SUMMARY**

On October 20, 2009, plaintiff Roger T. Kelly ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; October 26, 2009 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On January 6, 2006, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 166-68). Plaintiff asserted that he became disabled on February 1, 2005, due to fibromyalgia, chronic fatigue, and depression. (AR 187). The ALJ examined the medical record and heard testimony from plaintiff, who was represented by counsel, on August 19, 2008. (AR 45-79). A vocational expert testified at a separate hearing, on February 4, 2009, at which neither plaintiff nor his representative was present. (AR 39-44).

On April 16, 2009, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 26-37). Specifically, the ALJ found: (1) plaintiff suffered from the severe impairments of fibromyalgia and a depressive disorder (AR 29); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 29); (3) plaintiff retained the residual functional capacity to perform medium work with certain limitations[2] (AR 30); and (4) plaintiff was capable of performing his past relevant work as a loan officer (AR 36).

The Appeals Council denied plaintiff's application for review. (AR 14-16).

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

[2] Specifically, the ALJ determined that plaintiff was capable of performing medium work "except he has moderate limitation in: understanding, following and completing complex instructions; using good judgment on complex work-related decisions; and interacting with the public. However, he has only mild limitation interacting with supervisors and co-workers." (AR 30).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform his past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in

1 significant numbers in the national economy?  If so, the
2 claimant is not disabled.  If not, the claimant is disabled.
3 Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
4 Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).  The claimant has the burden
5 of proof at steps one through four, and the Commissioner has the burden of proof
6 at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001)
7 (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of
8 proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

///
///
///

## IV. DISCUSSION

### A. The ALJ Properly Evaluated the Medical Evidence.

Plaintiff argues that the ALJ failed to provide legally sufficient reasons for allegedly rejecting the medical opinions of examining psychiatrist Dr. Campbell, non-examining physician Dr. Loomis, and medical expert Dr. Sherman. (Plaintiff's Motion at 4-10). The Court disagrees.

#### 1. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided. Courts distinguish among the opinions of three types of physicians: those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir.), as amended (1996) (footnote reference omitted). A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion. See id. In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

A treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal

quotations omitted). An ALJ can reject the opinion of a treating physician in favor of a conflicting opinion of another examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. (citation and internal quotations omitted). "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id.; see Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings) (citations and quotations omitted). "Broad and vague" reasons for rejecting a treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir.1989).

When they are properly supported, the opinions of physicians other than treating physicians, such as examining physicians and nonexamining medical experts, may constitute substantial evidence upon which an ALJ may rely. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion on its own constituted substantial evidence, because it rested on independent examination of claimant); Morgan, 169 F.3d at 600 (testifying medical expert opinions may serve as substantial evidence when "they are supported by other evidence in the record and are consistent with it").

    **2.**    **Analysis**

Plaintiff contends that the ALJ "blinded himself from the findings" of Drs. Campbell, Loomis, and Sherman that plaintiff "is limited to simple repetitive tasks that are non-public." (Plaintiff's Motion at 7). Plaintiff's argument is not persuasive.

Examining psychiatrist Dr. Campbell opined that plaintiff
> may have mild impairment in understanding,
> remembering, and carrying out short simple instructions.

6

>In addition, his ability to understand, remember, and carry out detailed instructions is mildly impaired. [Plaintiff] is unimpaired in his ability to make judgments on simple work-related decisions. He may have moderate difficulty in relating appropriately to the public, supervisors, and coworkers.

(AR 305). The ALJ's assessment of plaintiff's residual functional capacity reasonably accounted for Dr. Campbell's opinion. The ALJ concluded that plaintiff had "moderate limitation in: understanding, following and completing complex instructions; using good judgment on complex work-related decisions; and interacting with the public. However, he has only mild limitation [in] interacting with supervisors and co-workers." (AR 30). Moreover, the ALJ stated that he gave "considerable weight to the opinion of [Dr. Campbell] who performed a comprehensive examination of the claimant and his opinion is supported by his objective findings." (AR 35). The Court therefore cannot conclude that the ALJ rejected Dr. Campbell's opinion.

   The ALJ's consideration of Dr. Loomis's opinion was also proper. Dr. Loomis completed a mental residual functional capacity assessment form and a psychiatric review technique form. (AR 317-33). Dr. Loomis's assessment of plaintiff's functional capacity is nearly identical to that of Dr. Campbell and appears to be based in large part on Dr. Campbell's findings. (AR 319 (noting that findings of "Psych CE" Dr. Campbell are "well supported")). Dr. Loomis opined that plaintiff was moderately limited in "[t]he ability to understand and remember detailed instructions," "[t]he ability to carry out detailed instructions," and "[t]he ability to interact appropriately with the general public," and that plaintiff was not significantly limited in any other functional area. (AR 317-18). Dr. Loomis concluded that plaintiff "is able to maintain concentration, persistence and pace throughout a normal workday/workweek as related to simple tasks . . . [and] is

able to interact adequately with coworkers and supervisors but may have difficulty dealing with the demands of general public contact." (AR 319). The ALJ reasonably accounted for Dr. Loomis's opinion in finding that plaintiff is moderately limited in "understanding, following and completing complex instructions; using good judgment on complex work related decisions; and interacting with the public." (AR 30). Also consistent with Dr. Loomis's opinion, the ALJ found that plaintiff "has only mild limitation [in] interacting with supervisors and co-workers." (AR 30). The Court therefore cannot conclude that the ALJ rejected Dr. Loomis's opinion.

      The ALJ also properly considered Dr. Sherman's opinion. Dr. Sherman, a non-examining medical expert, opined that plaintiff had mild limitations in his abilities to understand, remember and carry out simple instructions and to "make judgments on simple work-related decisions." (AR 515). In Dr. Sherman's opinion, plaintiff had moderate limitations in his abilities to understand, remember and carry out complex instructions and to "make judgments on complex work-related decisions." (AR 515). Dr. Sherman also wrote that plaintiff was moderately limited in his ability to "[i]nteract appropriately with the public," and mildly limited in his abilities to interact with supervisors and co-workers. (AR 516). The ALJ reasonably accounted for Dr. Sherman's opinion in finding that plaintiff is moderately limited in "understanding, following and completing complex instructions; using good judgment on complex work related decisions; and interacting with the public," but only mildly limited in "interacting with supervisors and co-workers." (AR 30). Moreover, the ALJ wrote that "[t]he opinion of Dr. Sherman is given significant weight and is not inconsistent with the record as a whole or with the opinion of the State Agency review psychiatrists." (AR 36). The Court therefore cannot conclude that the ALJ rejected Dr. Sherman's opinion. Plaintiff notes that Dr. Sherman wrote that plaintiff "can sustain [simple repetitive tasks] that are non-public." (AR 523). However, in light

1 of Dr. Sherman's other conclusions, this statement appears to be an example of the
2 type of work plaintiff could undertake rather than a statement of his maximum
3 abilities. The ALJ's failure to interpret this statement as Dr. Sherman's opinion of
4 plaintiff's residual functional capacity was, at most, harmless error, as Dr.
5 Sherman herself believed plaintiff was not disabled. (See AR 515 ["[T]here have
6 been no objective findings . . . secondary to his pain, but these symptoms have
7 been mild. . . . He is addicted to opioids [and] still complains of pain, which is not
8 credible."], 516 ["With abstinence, any mood symptoms would improve."], 519
9 ["Any experience of pain based on the dose of morphine is not credible."], 523
10 ["Indeed, work would be therapeutic for this man and would interfere with his
11 somatic preoccupations that have no objective validity."]). See Stout, 454 F.3d at
12 1044 (harmless error if "inconsequential to the ultimate disability determination").

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 26, 2010

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE